UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GERRIAN EVERTON CAMPBELL,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | CAUSE NO. 3:26cv878 CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Gerrian Everton Campbell, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained in violation of the laws or Constitution of the United States. ECF 2. The petition is ready to be decided.

Mr. Campbell is a native and citizen of Jamaica who was admitted into the United States in 2018 on a non-immigrant temporary work visa and remained in the country after his visa expired. ECF 7-1 at 2. On May 6, 2025, he was arrested for Aggravated Criminal Sexual Conduct. *Id.* at 8. The following day, he was transferred into the custody of United States Immigration and Customs Enforcement (ICE), and ICE placed him in removal proceedings and determined he should remain detained. *Id.* at 2-6. On October 10, 2025, an immigration judge ordered Mr. Campbell removed to Jamaica. *Id.* at 10. He appealed to the Board of Immigration Appeals (BIA), and this appeal still is pending. The Warden asserts Mr. Campbell is currently detained at Miami Correctional Facility under 8 U.S.C.

§ 1226(a) and is eligible for a custody redetermination hearing, but he has not yet requested a custody redetermination hearing before an immigration judge. ECF 7 at 2-6.

On June 16, 2026, Mr. Campbell filed this habeas petition arguing his continued detention violates his due process rights. He asks the court to order his immediate release from custody or, alternatively, order a custody redetermination hearing before an immigration judge under § 1226(a). The Warden argues this habeas petition should be dismissed because Mr. Campbell did not exhaust his available administrative remedies before filing this petition, as he has not yet requested custody redetermination before an immigration judge. Mr. Campbell responds that his failure to exhaust should be excused because ICE personnel informed him he was ineligible for bond, and he had no reason to believe that any administrative procedure remained available. ECF 10 at 3-4.

The Attorney General has delegated his discretion under § 1226(a) to release a noncitizen from detention during removal proceedings by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also*

8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). When a noncitizen files this motion, an immigration judge, under immigration court rules, must "in general" schedule a "hearing for the earliest possible date," though in "limited circumstances" the immigration judge may rule on a bond redetermination request without a hearing. Immig. Ct. Practice Manual § 8.3(d). A noncitizen may appeal a decision relating to bond and custody determinations to the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3).

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992). But where "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be accomplished. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). In exercising discretion whether to depart from the general rule, the court considers "the nature of the claim presented and the characteristics of the particular administrative procedure provided," *McCarthy*, 503 U.S. at 146, always cognizant that "individual interests demand that exhaustion be excused" when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002)).

Here, Mr. Campbell is asking the court to order a custody redetermination hearing before an immigration judge. But he has not yet exhausted his available remedy of

requesting a custody redetermination before an immigration judge. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19. The immigration regulations provide that a noncitizen like Mr. Campbell may request a custody redetermination before an immigration judge "at any time" before his removal order becomes final, meaning this remedy still is available to him. *See* 8 C.F.R. § 236.1(d)(1). He need only submit an "[a]pplication for an initial bond redetermination . . . orally, in writing, or, at the discretion of the Immigration Judge, by telephone," to "the Immigration Court having jurisdiction over the place of detention." 8 C.F.R. § 1003.19(b)-(c).

Mr. Campbell asserts that ICE personnel informed him he was ineligible for bond. Even accepting that assertion, the Warden has now expressly acknowledged that he is detained under § 1226(a) and is eligible to request custody redetermination before an immigration judge. ECF 7 at 2-6.[1] Whatever misunderstanding the earlier statements caused, Mr. Campbell identifies no continuing obstacle to requesting that review or reason to conclude that doing so would be futile. The court therefore declines to excuse exhaustion on this basis, *see Gonzalez*, 355 F.3d at 1016, and concludes Mr. Campbell should exhaust his available remedy of requesting custody redetermination before an immigration judge before he brings his claims to this court. Accordingly, Mr. Campbell's petition for writ of habeas corpus will be dismissed without prejudice and subject to renewal should he exhaust his available administrative remedies as discussed herein, including requesting custody redetermination before an immigration judge and, if

[1] The court has no reason to doubt the veracity of this representation, made by an officer of the court, and principles of judicial estoppel would limit the government's ability to advance a different position in immigration court. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).

necessary, appealing the immigration judge's decision on custody redetermination to the BIA.

For these reasons, the court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus (ECF 2).

SO ORDERED on September 25, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT